IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GARY L. CONWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19-cv-2677-TLP-tmp |
| | ) |
| DR. JEAN-CLAUDE LOISEAU; | ) |
| JOHNSON & JOHNSON, INC.; | ) |
| ROSETTA COCHRAN; and | ) |
| SHIRLEY COCHRAN, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the court by order of reference[1] is Gary L. Conway's *pro se* complaint against Dr. Jean-Claude Loiseau, Johnson & Johnson, Inc.,[2] Rosetta Cochran, and Shirley Cochran. For the reasons below, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   PROPOSED FINDINGS OF FACT**

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]There is some ambiguity about whether Johnson & Johnson is a defendant in this action. Conway used a court-provided form for his complaint. (ECF No. 1.) Johnson & Johnson is listed as a defendant in a portion of the form devoted to previous lawsuits on the same subject. (Id. at 1.) However, the undersigned's reading of the complaint, which is liberal consistent with the *pro se* pleading standard, is that Conway was referring to this lawsuit when filling out the portion of the form on previous lawsuits, and that he intended to list Johnson & Johnson as a defendant.

On October 4, 2019, Conway filed the instant complaint *in forma pauperis*. (ECF No. 1; ECF No. 7.) The complaint itself runs for three pages, but its attached exhibits span 46 pages. (ECF No. 1.) The following findings of fact are based on the allegations in the complaint and the exhibits attached to the complaint.

At some point in the past, Conway was charged with a crime and was represented by an attorney. (Id. at 45.) Conway's attorney gave him advice about whether to accept a plea bargain. (Id.) Conway accepted the plea bargain and was incarcerated in Illinois. (Id.) In 2013, while in prison, Conway developed a hernia. (Id.) In 2014, Conway was released from prison. (Id. at 18.) Upon his release, Conway filed a lawsuit against his former attorney, alleging ineffective assistance of counsel. (Id. at 45.) He also sought treatment for his hernia from doctors in Rockford, Illinois. (Id. at 19.)

According to the complaint, Conway's former attorney reached out to the doctors at the facility in Rockford and conspired with them to kill Conway by sabotaging his treatment. (Id. at 45.) The doctors at the Rockford facility interpreted a CT scan as indicating that Conway did not have a hernia. (Id. at 18-19.) When Conway sought treatment elsewhere, the former attorney and the Rockford doctors allegedly reached out to every doctor Conway contacted to prevent them from treating him. (Id. at 45.) The former attorney then plotted with Conway's ex-wife and family

- 2 -

members to kill him. (Id.) Agents employed by the former attorney began stalking Conway at his new residence in Arkansas, the former attorney monitored and sometimes intercepted Conway's mail, and the former attorney spied on Conway's bank account. (Id.)

In 2015, Conway found a doctor willing to operate on his hernia: Dr. Jean-Claude Loiseau, a resident of Memphis, Tennessee. (Id. at 2-3.) Conway claims that the former attorney and the Rockford doctors influenced Dr. Loiseau by instructing him to implant defective surgical mesh into Conway. (Id.) Conway claims that he has not been able to get a doctor to remove his surgical mesh because of the efforts of the conspirators. (Id.) Conway also says that a class action lawsuit has been filed on his behalf by a law firm "on a [h]ernia [m]esh claim[.]" (Id. at 4.)

Though the instant complaint and its attached exhibits describe all of the above, Conway is only suing Dr. Loiseau for medical malpractice. The other named defendants, Johnson & Johnson, Inc., Rosetta Cochran, and Shirley Cochran, are not mentioned in the complaint except when listed as defendants. Conway is not suing anyone identified as being from the Rockford facility or his former lawyer, and while he brings 42 U.S.C. § 1983 claims, Conway has not claimed any violations of his constitutional or federal statutory rights.

## II. PROPOSED CONCLUSIONS OF LAW

**A.    Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out

in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

## B. Subject-Matter Jurisdiction

The Federal Rules of Civil Procedure establish certain requirements that anyone filing a complaint in federal court – *pro se* or otherwise – must follow. Among those rules is a requirement that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"  Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction; the plaintiff carries the burden of demonstrating that either the Constitution or a statute has granted the court jurisdiction over a given suit, and that it may therefore hear it." Jude v. Comm'r of Soc. Sec., 908 F.3d 152, 157 (6th Cir. 2018). As a result, a plaintiff seeking to invoke federal jurisdiction must "affirmatively and distinctly" plead a basis for jurisdiction. Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1206 (3d ed.).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section] 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). Federal question jurisdiction

- 5 -

is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Id. Diversity jurisdiction is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. Though there are other bases for federal jurisdiction, none are relevant here.

The complaint does not satisfy the requirements for federal question jurisdiction. It is true that Conway filed his complaint using a court-provided form complaint for violation of civil rights under 42 U.S.C. § 1983. However, Conway's actual allegations involve medical malpractice. Medical malpractice is generally governed by state law, not federal law. See Clark v. Nashville Gen. Hosp. at Meharry, No. 3:14-1048, 2014 WL 2560505, at *3 (M.D. Tenn. June 6, 2014), report and recommendation adopted, 2014 WL 3722881 (M.D. Tenn. July 25, 2014) ("Plaintiff's malpractice and negligence claims are by their very nature matters of state law[.]"). In similar cases, courts in this district have found federal question jurisdiction is not invoked by a plaintiff either using a court-provided form for 42 U.S.C. § 1983 claims to allege a state law complaint or by a plaintiff simply titling a state law complaint as a federal constitutional claim. See Evans v. Liberty Mut. Ins. Co., No. 2-18-CV-2506-SHM-dkv, 2018 WL 5728517, at *4 (W.D. Tenn. Aug. 20, 2018), report and recommendation adopted, 2018 WL 4329295 (W.D. Tenn. Sep. 11, 2018) (finding no federal

question jurisdiction "[e]ven though [the plaintiff] filed his lawsuit on a court-provided form complaint for violation of civil rights under 42 U.S.C. § 1983 [because] the complaint contain[ed] no allegations of violations of civil rights"); Reed v. Reg'l One Health Loop Ctr., No. 18-CV-2606-SHL-tmp, 2018 WL 7078664, at *2 (W.D. Tenn. Dec. 17, 2018), report and recommendation adopted, 2019 WL 267747 (W.D. Tenn. Jan. 18, 2019) (finding no federal question jurisdiction where medical malpractice complaint was titled as a federal constitutional complaint). Conway has not alleged that any right he has under a federal statute or the Constitution has been violated by any named defendant. As a result, Conway has not alleged a basis for federal question jurisdiction.

This leaves diversity jurisdiction. To satisfy the requirements for diversity jurisdiction, the complaint would need to allege that all of the defendants are citizens of different states than Conway and that more than $75,000 is in controversy. Conway has alleged neither. The complaint does not specify the citizenship of any of the defendants, as is required. See Novick v. Frank, No. 16-1489, 2017 WL 4863168, at *1 (6th Cir. June 6, 2017). Though one of the defendants (Dr. Loiseau) has a listed address in Tennessee, diversity of citizenship may not be inferred from an allegation of mere residence. Id.; Mason v. Lockwood, Andrews & Newnam, P.C., 842 F.3d 383, 392 (6th Cir. 2016). The complaint also does not allege damages in any amount. Because of

these deficiencies, the complaint does not satisfy the requirements of diversity jurisdiction. Accordingly, it is recommended that Conway's complaint be dismissed for lack of subject-matter jurisdiction.

**C.   42 U.S.C. § 1983**

To the extent Conway attempts to bring a claim under § 1983, the complaint also fails on the merits. To state a viable claim under 42 U.S.C. § 1983, a plaintiff "must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995)). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999).

Neither Dr. Jean-Claude Loiseau or Johnson & Johnson are state actors. While it is unclear from the complaint who Rosetta Cochran and Shirley Cochran are, there is nothing to suggest that they are state actors either. Furthermore, Conway has not alleged that any specific right he holds under the Constitution or a federal statute was violated. Consequently, Conway has not pleaded a valid § 1983 claim.

**III. RECOMMENDATION**

For the reasons above, it is recommended that the court *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 9, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**