IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GARY L. CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02677-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| DR. JEAN-CLAUDE LOISEAU, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Gary L. Conway sued pro se alleging that Defendants Dr. Jean-Claude Loiseau, Johnson & Johnson, Inc., Rosetta Cochran, and Shirley Cochran violated his rights under 42 U.S.C. § 1983 and committed medical malpractice. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's suit under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 8 at PageID 59.) For the reasons below, the Court **ADOPTS** the R&R in whole and **DISMISSES** Plaintiff's complaint with prejudice.

The Magistrate Judge found that "[t]he complaint does not satisfy the requirements for federal question jurisdiction" because Plaintiff's "actual allegations involve medical malpractice," which state law governs, not federal law. (ECF No. 8 at PageID 66) (citing *Clark v. Nashville Gen. Hosp. at Meharry*, No. 3:14-1048, 2014 WL 2560505, at *3 (M.D. Tenn. June 6, 2014), *report and recommendation adopted*, 2014 WL 3722881 (M.D. Tenn. July 25, 2014)). In this way, the Magistrate Judge found that "federal question jurisdiction is not invoked by a plaintiff either using a court-provided form for 42 U.S.C. § 1983 claims to allege a state law complaint or by a plaintiff simply titling a state law complaint as a federal constitutional claim."

(ECF No. 8 at PageID 64) (citing *Evans v. Liberty Mut. Ins. Co.*, No. 2-18-CV-2506-SHM-dkv, 2018 WL 5728517, at *4 (W.D. Tenn. Aug. 20, 2018), *report and recommendation adopted*, 2018 WL 4329295 (W.D. Tenn. Sep. 11, 2018)).

The Magistrate Judge also found that no diversity jurisdiction exists here because Plaintiff failed to specify the citizenship of Defendants or assert the amount in controversy in the complaint. (ECF No. 8 at PageID 65) (citing *Novick v. Frank*, No. 16-1489, 2017 WL 4863168, at *1 (6th Cir. June 6, 2017). The Magistrate Judge found that, "[t]hough one of the Defendants . . . has a listed address in Tennessee, diversity of citizenship may not be inferred from an allegation of mere residence." (*Id.*) (citing *Novick*, 2017 WL 4863168, at *1).

Finally, in addition to the jurisdictional defects in Plaintiff's complaint, the Magistrate Judge found that Plaintiff does not allege any violation under § 1983 because he fails to allege that any of the Defendants are state actors. (ECF No. 8 at PageID 66.) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999)).

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. Plaintiff objected to the Magistrate Judge's R&R seven days too late, rendering the objections untimely under Fed. R. Civ. P. 72(a). (ECF No. 9.) Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the Report and Recommendation in its entirety.[1] The Court thus **DISMISSES** Plaintiff's complaint with prejudice.

---

[1] Although it is not required to do so, the Court also considered Plaintiff's objections to the R&R. Plaintiff's objections reiterate the medical malpractice claim and fail to rebut the reasoning for dismissing the complaint.

**SO ORDERED**, this 26th day of November, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE